

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. WILLIAM KRISSTOFER WOLF, Defendant. | Cause No. CR 15-49-BLG-SPW OPINION AND ORDER |

Defendant William Wolf is awaiting trial on charges of illegal possession of a machine gun in violation of 18 U.S.C. § 922(o), and possession of a firearm not registered to him in the National Firearms Registration and Transfer record, in violation of 26 U.S.C. §§ 5841, 5845(a), 5891(d), and 5871. (Doc. 7). Trial is scheduled to begin on November 2, 2015. (Doc. 25). Before the Court is a pretrial motion filed on October 15, 2015, despite a September 21, 2015 pre-trial motions deadline. On October 15, 2015, Defendant William Wolf filed a motion in limine and request for permission for the Court's consideration of his motion. (Doc. 29). The next day, the United States moved to strike the motion in limine as untimely. (Doc. 31). After considering the parties arguments, this Court grants the United States' motion to strike Wolf's motion for consideration and motion in limine.

1

I.  **Background**

The initial motions deadline in this case, including motions in limine, was May 11, 2015. (Doc. 11). Based on the large amount of discovery in the case to review, Wolf moved for a continuance on June 5, 2015. (Doc. 18). The United States did not object. (*Id.*) The court granted his motion, reset the trial date, and reset the motions in limine deadline for July 27, 2015. (Doc. 19). That deadline came and went and Wolf did not file any motions.

On August 20, 2015, in an attempt to assist defense counsel in zeroing in on relevant discovery, the United States outlined for the defense its case-in-chief and provided a list of citations to the discovery it intended to use in its case-in-chief. (Doc. 24 at 2; Doc. 32 at 4). The same day, Wolf moved to continue the trial and all related deadlines, again, because of the volume of discovery he needed to review. (Doc. 24 at 2). The United States did not object. (*Id.*) The court granted Wolf's motion, reset the trial date, and reset the motions in limine deadline for September 16, 2015. (Doc. 25).

On September 15, 2015, the day before the motions deadline passed, Wolf moved the court to extend the motions deadline again to September 21, 2015. (Doc. 26). Wolf requested the continuance because he had not completed his discovery review so he could not complete his pretrial motions. (Doc. 26 at 2). Without hearing from the United States, the court granted Wolf's request and reset

2

the motions deadline for September 21, 2015. (Doc. 27). That motions deadline came and went. Wolf did not file any motions. More than three weeks after the deadline, Wolf filed the pending motion in limine seeking to exclude the same discovery from trial that the United States had identified for him that it intended to use in its case-in-chief at the August 20, 2015, meeting. (Doc. 29; Doc. 32 at 6-8).

## II. Applicable Law

Certain criminal motions, including challenges to an indictment, "must" be made before trial. Fed. R. Crim. Pro. 12(b)(3). However, a party "may" raise pretrial "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A trial judge retains ample discretion in setting deadlines for counsel who wish to seek pretrial rulings, and in deciding whether to rule on such motions pretrial. *See* Fed.R.Crim.P. 12(b), (c), (d). This Court set such deadlines in its Scheduling Order stating, "All pretrial motions, other than a motion to enter a guilty plea, must be filed, along with a brief in support, on or before the motions deadline[.]" (Doc. 25 at 4).

Rule 12(c) governs both setting the deadline for making pretrial motions and the consequences of failing to meet the deadline for motions that must be made before trial. If a party does not meet the court's deadline for making a pretrial motion, the motion is untimely. Fed. R. Crim. P. 12(c)(3). Of course, the court may consider the defense, objection or request if the party shows good cause. *Id.*

3

According to the Fed. R. Crim. P. 12 advisory committee's notes to the 2014 amendments, "the Supreme Court and lower federal courts have interpreted the 'good cause' standard under Rule 12[(c)(3)][1] to require both (1) 'cause' for the failure to raise the claim on time, and (2) 'prejudice' resulting from the error." (citing *Davis v. United States*, 411 U.S. 233, 242 (1973); *Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 363 (1963)).

## III. Discussion

The Scheduling Order in this case set September 21, 2015, as the deadline for all pretrial motions. Wolf's motion in limine was filed over three weeks late, on October 15, 2015. Wolf's counsel explains his delay in filing the motion in limine by pointing out that he had to review sixteen webcast recordings, transcribing some to better understand his client and the case, and review the audio-taped encounters between his client and the government. (Doc. 33 at 2). He also had to review extensive written discovery and written communications from his client and his client's interviews. (*Id.* at 3).

The United States argues that while the discovery is vast in this case, it provided Wolf the citations he needed for his current motion in limine back on August 20, 2015. At that meeting, the United States pointed Wolf to the exact

---

[1] Additional amendments to Rule 12 are relevant here. The 2014 advisory committee notes refer to 12(e), but later in 2014, the effect of failure to raise issues by a pretrial motion was relocated from (e) to (c)(3). *See* Fed. R. Crim. P. 12 advisory committee's notes to the 2014 amendments

4

discovery it planned to use at trial, which is the subject of his motion in limine. The United States identified the specific audio clips by date and the exact minute and second segments. (Doc. 32. at 6). The United States also identified the five recordings of Wolf's conversations with the CHS and/or UCE it planned to use in its case-in-chief and provided the relevant minute and seconds pinpoint cites. (*Id.* at 6-7) Finally, the United States emailed defense counsel the same citation list, including page numbers of the transcripts it planned to play at trial. (*Id.*)

By failing to bring his motion in accordance with the Scheduling Order, Wolf's motion is untimely. Despite believing by September 21, 2015, that he had not reviewed enough discovery to file his pretrial motions, Wolf's counsel failed to seek an extension of the motions deadline as he had previously done on September 15, 2015. He did not seek leave to file an untimely motion. He did not use any of the procedural mechanisms allowed by the rules; he simply let three weeks pass without discussion with the United States or the Court and filed his motion in limine late.

The question remains whether good cause exists for granting relief. Considering the United States' argument, the Court finds it does not. Wolf has requested four extensions so that he can digest the discovery in this matter. The Court has no doubt the extensions were necessary and the discovery in this case is vast. The Court also knows Wolf's counsel handles an extremely heavy caseload

in addition to this case.

Regardless of how much preparation is necessary for trial, however, Wolf's counsel has failed to explain why he could not have filed the pending motion in limine before the September motions deadline. The United States apparently provided him with the exact discovery citations he now seeks to exclude by the end of August.

Setting aside any other necessary pretrial preparation and the discovery review relevant to it, there does not appear to be any reason why defense counsel could not have reviewed the citations the United States provided to him in August and filed the current motion in limine before the motions deadline. The citations do not encompass hundreds of pages. They are partial excerpts from 42 pages. (Doc. 30 at 11). Wolf's counsel did not need to take time to transcribe these excerpts; the United States had provided him with transcripts of them. (Doc. 32 at 7).

Wolf's counsel had a month to review the specific citations and file his motion in limine or file for another continuance. He did neither. By failing to use the procedural mechanisms available to him and filing his motion in limine three weeks past the motions deadline, Wolf has prejudiced the Court and the parties with insufficient time to brief and consider his motion before trial. The United States has accommodated Wolf's requests for continuances throughout this matter.

The Court is not inclined to respond to that accommodation by placing an additional last minute burden on the United States because of Wolf's delay.

Wolf has failed to provide the Court with a legitimate explanation, let alone good cause, for the lateness of his motion. *See Davis v. United States*, 411 U.S. at 243 (upholding the district court's decision to deny relief from a rule 12 waiver where the defendant failed to establish good cause to excuse his untimely motion and the prejudice that would result from not litigating his motion). Accordingly, the Court finds his motion untimely and declines to consider it.

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that the United States' motion to strike (doc. 31) Wolf's motion for consideration and motion in limine (doc. 29) is granted.

DATED this 21st day of October, 2015.

*Susan P. Watters*
Susan P. Watters
United States District Court