Petitioner William Krisstofer Wolf
Reg.No 13660-046
Federal Detention Center
PO Box 13900
Seattle, WA. 98198-1090



Clerk, U S District Court
District Of Montana
Billings

IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| WILLIAM KRISSTOFER WOLF<br>    Petitioner | ) CAUSE NO:<br>) CR-15-49-BLG-SPW<br>) CV-18-02-BLG-SPW<br>) |
| vs. | ) MOTION FOR DECISION<br>)<br>) |
| UNTIED STATES OF AMERICA<br>    Respondant | )<br>) |

COMES NOW, the Petitioner William Krisstofer Wolf, pro se, in the above captioned cases and moves this Court for an Order Granting Petitioner's MOTION FOR DECISION.

It is well established under 28 U.S.C. § 2266 (6)(1)(C)(i) (acknowledging "best interest of...the [habeas corpus] applicant in a speedy disposition of the application.") that an Order For Decision is the proper remedy for ensuring a promt hearing.

Procedures Vol. 1: Chapter 21 Conduct of Hearing

§ 21.1 Preparing for the hearing 1 [b] Continuances; speedy hearing.

"Taken together, therefore, the manditory language of Rule 8 (c)'s prompt-hearing requirements, the long standing preference for promptly remedying unlawful incarceration and the partial analogy to the constitutional right to a speedy criminal trial afforded incarcerated petitioners a basis for seeking

1

habeas corpus proceedings least their right to prompt release from unlawful custody be mooted by unnecessary delay."

This petition warrants such a prmpt and speedy action based on, but not limited too, the admitted fact, on the part of the government's prosecutiorial team, that the government's witnesses knowingly perjured themselves on material facts of the case.

That the government's prosecutorial team knew of the perjured testimony at trail and failed to correct or illicit truthful testimony, as no new evidence was submitted to the Court after the conviction or at sentencing, where the prosecutorial team admitted to the perjured testimony. [ER 900] [cite ommited]

That the government's prosecutorial team vouched for the credibility of the witnesses, and the defense council rendered ineffective assistance.

The Ninth Circuit and the United States Supreme Court have upheld the long standing position of perjured testimony's effect on the due process of the law."

"Few rules are more central to an accurate determination of innocence or guilt that the requirement...that one should not be convicted on fase testimony." (Sanders v. Sullivan, 900 F.2d 601, 607 (2nd Cir. 1990) Quoted in Ortega v. Duncan [cite ommited]

"it is establised that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the fourthenth Amendment" Napue v. Illinois, 360 U.S. 264 Id at 269, 79 S. Ct. 1173 (citing Mooney v Holohan, 294 U.S. 103, 55 S Ct. 340, 79 L Ed.2d 791 (1935)

"The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears."

"Knowing use of perjured testimony by the government constitutes a due process violation" See United States v. Page 231 F.3d 488 (9th Cir 2000)

"The word "willful" simply means that the witness made the allegedly perjurious statement with the conciousness that it was false;" People v. Tolmachoft, 58 Cal. App. 2d 815, 821 138 P.2d 61 (1943) quoted in Rivera v. Lynch 816 F.3d 1064 (9th 2000)

"Untrue testimony is "mateial where", if believed, [it] would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, Application Note 6; United States v. Magana-Guerrero, 80 F.3d 398, 400 (9th Cir 1996)

"The Ninth Circuit has indeed allowed habaes relief based on false testimony reguardless of the knowledge of its falsity." Maxwell v. Roe, 628 F.3d, 486, 499-500 (9th Cir 2010)

"The question is not whether the defendant would more likely than not have received a different verdict if the false testimony had not been presented, but whether the defendant recieved a fair trail, understood as a trail resulting in a verdict worthy of confidence."' Jones, 691 F.3d at 1102 [cite omited]

"It is not simply because perjured statements are false that they lack First Amendment protection. Perjured testimony "is at war with justice" becuase it can cause a court to render a "judgement not resting in truth." Perjury undermines the function and province of the law and threatens the integrity

of judgements that are the basis of the legal system. Unlike speech in other contexts, testimony under oath has the formality and gravity necessary to remind the witness that his or her statements will be the basis for official govenmental action, action that often affects the rights and liberties of others. Sworn testimony is quite distinct from lies not spoken under oath and simply inteded to puff up oneself." United States v. Alvarez: February 22,2012; United States Supreme Court 2013; 567 U.S. 709:: [Per Kennedy, J., Roberts, Ch. J., and Ginsburg, and Sotomayor,JJ.]

The Ninth Circuit, along with other Circuit Courts have made it clear the prosecutor may not vouch for the credibility of a witness.

"This court has previously held that "[a]s a general rule a prosecutior may not express his opinion of the defendant's guilt or his belief in the credibility of Governments witnesses." Dubria v. Smith, 197 F.3d (CA9 1999) p402; quoting United States v. Molina, 934 f.2d 1449, 1444 (9th Cir. 1991)

"By effectively calling Delgado a liar and declairing that she had lied to investigating government agents, the prosecutor threw the weight of his own credibility as a representative of the United States behind his (personal) [italics] opinion- giving his personal opinion" much weight...when they should properly carry none." Berger 295 U.S. at 88, 55 S.CT. 629 quoting United States v. Delgado, 631 F.3d 685, (CA 5 2011)

"The prosecutor wrongfully put her "personal reputation behind the testimony of its witness." Littrell, 439 F.3d at 882.

4

"In this case counsel for the government put her own credibility at issue by vouching for the witness." United States v. Bass, 712 F.Supp. 2d 931 (D.Neb. 2010)

Furthermore, the Ninth Circuit, along with other Circuit Courts, have established certain prerequisites and/or guidelines defining aspects of ineffective assistance of councel that are applicable to this petition.

(Creation of Presumptions) "In Cronic, the United States Supreme Court..."The second is when councel entirely fails to subject the prosecutions case to meaningful adversarial testing." United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80L Ed.2d 657 (1984)

"Inexplicably, trial councel failed to cross-examine the twins about this inconsistancy..." Sparman v. Edwards, 26 F.Supp. 2d 450 p 454 ( E.D.N.Y. 1997)

"We agree with the district court that councel's failure to impeach Vogelpohl was a breach with so much potential to infect other evidence that, without it, there is a reasonable probability that the jury would find reasonable doubt of Driscoll's guilt. Driscol v. Delo, 71 F.3d 701 (CA 8 1995) p711.

"There is an additional safeguard against miscarriages of justice in the criminal cases,...[it] is the right to effective assistance of councel which, as the Court has indicated, may in a particular case be violtated by even an isolated error of councel if that error is sufficiently egregious and prejudicial. Murray v. Carrier, 4777 U.S. 496, 91 L.Ed2d 397,106 S.Ct. 2639 (1986) QUOTING United States v. Cronic, 466 US 648.

"In some cases, a single error may render counsel performance constitutionally defective." Nero v. Blackburn, 597 F.2d 991, 994 (5th 1994)

The Courts have long held that a prompt hearing is warrented when there are egregious constitutional violations and intolerable restraints.

(policy in favor of "avoid[ing] unnecessary delay in granting [habeas corpus] relief that is plainly warrented"). Granberry v. Greer, 481 U.S. 129, 135 (1987)

("Under our constitutional framework, the great constitutional privilege of habeas corpus...has historically provded a'a prompt and efficacius remedy for whatever society deems intolerable restraints'.") Wingo v Wedding, 481 U.S. 461, 468 (1974)

Part VIII Post judgement Proceeding; appeals Vol 2 C35 Initiating the appeal § 35.1 Final Order. "Historically, habeas relief is available to provide a prompt and efficacious remedy for intolterable government restaring." United States v. Allen, 1998 U.S. App Lexis 1952 @ 4 (10th Cir Feb 12 1998)

Petitioner Wolf, having brought colorable claims, based in fact, asserts he is entitled to an evidentiary hearing.

"The majority holds that Phillips is entitled to an evidentiary hearing because he has made colorable claims of ineffective assistance of counsel, perjury, and cumulative error." Phillips v. Woodford 267 F.3d 966 163 F.3d 1073, 1082 (9th Cir 1998)

"[w]here the petitioner establishes a colorable claim for relief and has never been afforded a state or federal hearing

6

on this claim, we must remand to the district court for a evidentiary hearing." Earl v. Stokes 423 F.3d 1024 (CA 9 2005) [Citing Standweitz v. Woodford, 365 F.3d 706, 708 (9th Cir 2004)

Therefore, Petitioner Wolf respectfully request this Court use the remedies available under the rules governing the habeas corpus process, and at the very least Grant this MOTION FOR DECISION, schedule a prompt evidentiary hearing, which will affirm and confirm the various colorable claims presented, and/or in the best interest of justice, based on the egregious constitutional violations, Overturn the conviction, dismiss all charges with prejudice and Order Petitioner Wolfs immediate release.

Respectfully Submitted

*[signature]* 3·29·18

William Krisstofer Wolf
Reg. No. 13660-046
Federal Detention Center
P.O. Box 13900
Seattle, WA 98198-1090

CERTIFICATE OF SERVICE

I WILLIAM KRISSTOFER WOLF, hereby certify that I have served a true copy correctly of the following, by placement in the Inmate Mail:

MOTION FOR DECISION

Service of process is deemed complete at the time of delivery to the prison authorities for forwarding to the court under Houston v. Lack 101 LED. 2.d 245 (1998) confirms that such service upon parites to litigation and to His/Her attorney of record, by placement in a sealed postage paid envelope addressed to:

Clerk of U.S. District Court
2601 2nd Ave. N, Ste 1200
Billings, MT 59101

And deposited in the Untied States mail maintained by the Federal Detention Center at Seattle WA. All requirements of service process have been fulfilled as of:

29th day of March 2018
Federal Detention Center-Seattle
P.O. Box 13900
Seattle, Wa. 98198-1090

Name: _Wolf_ 3·29·18
BOP ID: 13660-046